IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NORMAN AND ANN WEATHERSBY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> EQUINOX FINANCIAL ) <br> MANAGEMENT SOLUTIONS, INC. ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: _____ <br><br> Jury Trial Demanded |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in its illegal efforts to collect a consumer debt from Plaintiffs.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiffs reside here.

### PARTIES

4. Plaintiff Norman Weathersby (hereinafter "Plaintiff Norman Weathersby" or "Mr. Weathersby") is a natural person who resides in Sevier County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Ann Weathersby (hereinafter "Plaintiff Ann Weathersby" or "Mrs. Weathersby") is a natural person who resides in Sevier County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Equinox Financial Management Solutions, Inc. (hereinafter "Defendant Equinox Financial") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Illinois, and may be served through its agent for service of process at CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

## FACTUAL ALLEGATIONS

7. Defendant has alleged that Plaintiffs incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, for a security system allegedly installed and serviced by ADT Security Services (hereinafter "ADT"), that is allegedly owed in the amount of $1,812.60.

8. Plaintiffs' debt allegedly went into default in approximately 2010.

9. Sometime prior to November 23, 2010, Plaintiffs' debt was transferred to Defendant Equinox Financial for collection, when, thereafter, Plaintiffs received collection communications from Defendant Equinox Financial, all in an attempt to collect this debt.

10. Defendant Equinox Financial failed to maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

### *Failure To Be Licensed Prior To Collecting Debts*

### *November 23, 2010 Collection Letter*

11. Within one year prior to the filing of this Complaint, on or about November 23, 2010, Defendant Equinox Financial sent a collection letter to Plaintiffs dated November 23, 2010. A redacted copy of the collection letter is filed as Exhibit 1 to this Complaint.

12. The November 23, 2010 collection letter from Defendant Equinox Financial was sent in connection with collection of a debt and in an attempt to collect a debt, and was a "communication" as that term is defined by 15 U.S.C. § 1692a(2),

13. The November 23, 2010 collection letter from Defendant Equinox Financial shows the name: "Equinox Financial Management Solutions, Inc." written at the top right-hand corner of the front page of the collection letter.

14. The November 23, 2010 collection letter from Defendant Equinox Financial provides, to the right of the Plaintiffs' address block:

> "Re: Your Account With:
>  ADT SECURITY SERVICES
>
> 00238-0031097
>
> Equinox # : 771979
>
> Amount Due: $1,812.60"

(capital letters in original)

15. The November 23, 2010 collection letter further stated that:

> "ADT SECURITY SERVICES has placed your account in our office for collection, and indicated that your debt is owed.
>
> . . .

> Unless you notify this office within 30 days after receiving this notice that you disputed the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of this debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> . . .
>
> This is an attempt to collect a debt. Any information obtained will be used for that purpose."

16. It is clear from the language of Defendant Equinox Financial's letter that they are attempting to collect a debt from Plaintiffs that is owed or due or asserted to be owed or due another.

### *April 12, 2011 Collection Call*

17. Within the year prior to the filing of this Complaint, on or about April 12, 2011, Defendant Equinox Financial made a collection call to Mr. Weathersby's cell phone.

18. The April 12, 2011 collection call made by Defendant Equinox Financial to Mr. Weathersby's cell phone was made in connection with collection of the debt and in an attempt to collect the debt, and was a "communication" as defined by 15 U.S.C. § 1692a(2).

19. The April 12, 2011 collection call was a subsequent communication from Defendant Equinox Financial to Plaintiffs in connection with the collection of the debt.

20. The April 12, 2011 collection call made by Defendant Equinox Financial to Mr. Weathersby's cell phone was made from telephone number 847-795-9960.

21. Telephone number 847-795-9960 is owned by Defendant Equinox Financial or assigned to Defendant Equinox Financial by a communications company for their use in making and/or receiving telephone calls.

22. During the April 12, 2011 collection call, Defendant Equinox Financial failed to make a meaningful disclosure of her identity in violation of 15 U.S.C. § 1692d(6).

23. During the April 12, 2011 collection call, Defendant Equinox Financial failed to disclose that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11), and failure to disclose that the communication is from a debt collector is a deceptive and misleading representation or means in connection with the collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

24. During this April 12, 2011 collection call, Defendant Equinox Financial failed to disclose that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11), and failure to disclose that the communication is from a debt collector is a deceptive and misleading representation or means in connection with the collection of the debt, in violation of numerous and multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692e, and 1692e(10), amongst others.

25. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity. Tenn. Code Ann. § 62-20-102(3).

26. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

27. At the time it attempted to collect the alleged debt from Plaintiffs, Defendant Equinox Financial has not been issued a valid collection service license necessary to legally collect or attempt to collect debts in Tennessee.

28. By attempting to collect the debt from Plaintiffs at a time when Defendant Equinox Financial was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Equinox Financial violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f. See, *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 fn. 9 ("See, e.g., *Sibley v. Firstcollect, Inc.,* 913 F.Supp. 469, 471 (M.D.La. 1995); *Russey v. Rankin*, 911 F. Supp. 1449, 1459 (D.N.M. 1995) (attempting to collect a debt without first registering as a debt collector as required by New Mexico statute violates the FDCPA); *Kuhn v. Account Control Tech, Inc.*, 865 F. Supp. 1443, 1451-52 (D.Nev. 1994) (finding failure to register as a debt collector under Nevada law violated 15 U.S.C. § 1692f); *Gaetano v. Payco of Wisc. Inc.*, 774 F.Supp. 1404, 1414-15 n. 8 (D.Conn.1990) (finding failure to register as a debt collector in Connecticut violated the FDCPA because not registering 'deprived the Plaintiffs of her right as a consumer debtor residing within the state to have the Defendant Equinox Financial's qualifications as a collection agency reviewed by state authorities.'"); Also see, *Bradshaw v. Hilco Receivables, LLC,* No. RBD-10-113, 2011 WL 652476, at *10 (Feb. 23, 2011 D. Md.).

29. Any procedures maintained (i.e., actually employed or implemented) by Defendant Equinox Financial to avoid errors under the FDCPA were not reasonably adapted to

6

Case 3:11-cv-00558-TAV-CCS   Document 1   Filed 11/23/11   Page 6 of 11   PageID #: 6

avoid using false, deceptive, or misleading representations and means in connection with collection of debts or attempts to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to attempting to collect debts for others.

30. Any procedures maintained (i.e., actually employed or implemented) by Defendant Equinox Financial to avoid errors under the FDCPA were not reasonably adapted to avoid threatening to take any action that cannot legally be taken by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to attempting to collect debts for others.

31. Any procedures maintained (i.e., actually employed or implemented) by Defendant Equinox Financial to avoid errors under the FDCPA were not reasonably adapted to avoid using unfair or unconscionable means to collect or attempt to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to attempting to collect debts for others.

32. By attempting to collect the debt from Plaintiffs at a time when Defendant Equinox Financial was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Equinox Financial violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f.

33. The failure of Defendant Equinox Financial to become licensed by the Tennessee Collection Service Board prior to attempting to collect debt from Tennessee consumers would mislead and be unfair to the least sophisticated consumer by suggesting that Defendant Equinox Financial had state approval to legally attempt to collect debts in Tennessee when

Defendant Equinox Financial was fully aware they were not licensed to do so, in violation of 15 U.S.C. §§ 1692e, 1692e(1), 1692e(9), 1692e(10), and 1692f.

*Summary*

34. The above-detailed conduct by Defendant in connection with collection of the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

35. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

36. Plaintiffs incorporate by reference all of the above paragraphs as though fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiffs.

38. As a result of Defendant's violations of the FDCPA, Plaintiffs is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiffs, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiffs; and

- for such other and further relief as may be just and proper.

11/23/11                                        Respectfully submitted,

**NORMAN AND ANN WEATHERSBY**

/s/      Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiffs
P. O. Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, Plaintiff Norman Weathersby, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: November 22, 2011.

By: _____
    Norman Weathersby

10

Case 3:11-cv-00558-TAV-CCS   Document 1   Filed 11/23/11   Page 10 of 11   PageID #: 10

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, Plaintiff Ann Weathersby, states as follows:

8. I am a Plaintiff in this civil proceeding.

9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

12. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

13. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

14. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: November 22, 2011.

By: _____
Ann Weathersby